**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTINA PRUKALA,<br><br>Plaintiff,<br><br>v.<br><br>ELLE; JOHN DOES 1-10;<br>CORPORATIONS X, Y, Z,<br><br>Defendants. | No. _______________<br><br>Document Filed Electronically |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453, defendant Hearst Communications, Inc. ("Hearst"), publisher of *Elle* magazine, which is incorrectly named as the corporate defendant in this action, by and through its undersigned counsel, hereby removes the above-captioned action from the Court of Common Pleas of Lackawanna County, Pennsylvania to the United States District Court for the Middle District of Pennsylvania. In support of this Notice of Removal, Hearst states as follows:

1. On or about December 19, 2013, plaintiff sent by certified mail a copy of the Complaint in this action that was filed on or about December 19, 2013 in the Court of Common Pleas of Lackawanna County, Pennsylvania, assigned as Docket No. 2013-07061, to "Elle Co., 300 West 57th St., 24th Floor, New York, NY

10019." A copy of the Complaint is annexed hereto as Exhibit A. Hearst did not receive a copy of the Complaint until December 31, 2013. Hearst is also in receipt of a document styled "Important Notice," a copy of which is annexed hereto as Exhibit B. Hearst has not been served with, and has not otherwise received, any other process, pleadings, or orders in this action.[1]

2. As more fully set forth below, this is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1367, and 1453, and this action is removable pursuant to 28 U.S.C. § 1441, because (a) it purports to allege a claim arising under the laws of the United States, and additional claims so closely related thereto that they form part of the same case or controversy; (b) there is complete diversity among the parties and the amount in controversy exceeds the jurisdictional threshold; and (c) this Court has jurisdiction under the federal Class Action Fairness Act of 2005.

**Plaintiff's Complaint**

3. Plaintiff purports to allege six causes of action arising out of her alleged receipt of "a series of" unsolicited emails and other messages concerning *Elle*. (*See, e.g.*, Ex. A ¶¶ 10, 12, 25(a).) *First*, plaintiff purports to allege a cause of action under the Pennsylvania Unfair Trade Practices and Consumer Protection

[1] Hearst does not concede that it has properly been served with any pleadings or other papers in this matter and expressly reserves its right to challenge the propriety of service and to raise all of its other defenses and objections to the Complaint.

Law ("UTPCPL"), 73 P.S. § 201-1 *et seq.*, predicated on purported violations of the Pennsylvania Unsolicited Telecommunication Advertisement Act ("UTAA"), 73 P.S. § 2250.1 *et seq.* (Ex. A ¶¶ 36-41.) *Second*, plaintiff purports to allege an additional cause of action under the UTPCPL, 73 P.S. § 201-1 *et seq*., predicated on purported violations of the UTAA.[2] (Ex. A ¶¶ 42-47.) *Third*, plaintiff purports to allege a cause of action under the federal Telephone Consumer Protection Act ("TCPA") of 1991, 47 U.S.C. § 227 *et seq*. (Ex. A ¶¶ 48-53.) *Fourth*, plaintiff purports to allege a cause of action for invasion of privacy. (Ex. A ¶¶ 54-56.) *Fifth*, plaintiff purports to allege a cause of action for intentional infliction of emotional distress. (Ex. A ¶¶ 57-62.) *Sixth*, plaintiff purports to allege a cause of action for harassment. (Ex. A ¶¶ 63-69.)

**Federal Question Jurisdiction**

4. Plaintiff's TCPA claim arises under federal law thereby giving this Court subject matter jurisdiction over this lawsuit. 28 U.S.C. § 1331. The Supreme Court has expressly held that the federal courts have jurisdiction over TCPA claims. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 753 (2012) ("Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily

---

[2] Although the Complaint purports to allege two separate causes of action under the UTPCPL, the allegations set forth for the two causes of action appear to be identical.

have under 28 U.S.C. § 1331."); *Weitzner v. Sanofi Pasteur, Inc.*, 2012 WL 1677340 (M.D. Pa. May 14, 2012) (explaining that "in light of the Supreme Court's holding in *Mims v. Arrow Financial Services LLC*, the Court now has federal question jurisdiction under 28 U.S.C. § 1331") (citation omitted).

5. This Court has supplemental jurisdiction over plaintiff's state-law claims. 28 U.S.C. § 1367. Those claims are predicated on the same set of operative alleged facts as her TCPA claim, namely the alleged transmission of emails to plaintiff and the class. Accordingly, this action is properly removable under 28 U.S.C. § 1441.[3]

**Diversity Jurisdiction**

6. This Court also has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and this action is removable pursuant to 28 U.S.C. § 1441, because it is a civil action between citizens of different states in which the amount

---

[3] This Court also has original jurisdiction over this action because plaintiff's UTPCPL and other state-law claims are completely preempted by the federal CAN-SPAM Act, 15 U.S.C. § 7701 *et seq.*, which "supersedes any statute, regulation or rule of a State . . . that expressly regulates the use of electronic mail to send commercial messages. . . ." 15 U.S.C. § 7707(b)(1); *see also Omega World Travel, Inc. v. Mummagraphics, Inc.*, 469 F.3d 348, 352 n.1 (4th Cir. 2006). Accordingly, under the complete preemption doctrine, this action arises under the laws of the United States. *Cf. Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1 (2003); *Oneida Indian Nation v. County of Oneida*, 414 U.S. 661 (1974); *Bastien v. AT&T Wireless Servs*., 205 F.3d 983 (7th Cir. 2000); *Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536 (8th Cir. 1996).

in controversy is reasonably expected to exceed $75,000, exclusive of interest and costs.

7. At the time of the commencement of this action in the Court of Common Pleas, and since that time, defendant Hearst was, and still is, a Delaware corporation with its principal place of business in New York. Hearst is not a citizen of Pennsylvania.

8. The Complaint purports to allege claims against "ELLE," which plaintiff erroneously alleges to be a corporation. (Ex. A ¶ 6(A).) *Elle* is a magazine published by Hearst and is not a legal entity.

9. According to the Complaint, plaintiff is a citizen and resident of Pennsylvania. (Ex. A ¶ 5.)

10. Because the only defendant, Hearst, is diverse from plaintiff, the diversity requirement is met. 28 U.S.C. § 1332.[4]

11. For each of its two UTPCPL causes of action, the Complaint seeks to recover statutory damages of $500 per violation.

12. For its TCPA cause of action, the Complaint seeks to recover statutory damages of $500 per violation. In addition, the Complaint purports to allege that

[4] The citizenship of the "John Doe" and "X, Y, Z" defendants is irrelevant because defendants sued under fictitious names are disregarded for purposes of determining whether removal is proper on the basis of diversity jurisdiction. 28 U.S.C. § 1441(b)(1).

the violations were intentional, which would permit the award of treble damages for each violation. 47 U.S.C. § 227(b)(3).

13. For each of its three common-law causes of action, the Complaint seeks to recover actual damages (estimated to be $1000), and punitive damages of $10,000.

14. The Complaint seeks recovery of attorneys' fees (measured at $500 per hour), currently estimated to be $2000.

15. The Complaint also seeks injunctive relief, and "[a]ny other relief the Court may deem just and proper." *See Hunt v. Washington State Apple Advertising Comm'n*., 432 U.S. 333, 347 (1977) (measuring amount in controversy in action seeking injunctive relief by "the value of the object of the litigation").

16. Although the Complaint does not plead the number of alleged statutory violations, the Complaint alleges "numerous and multiple" violations over a four-year period and pleads that email messages constituting violations were sent to "hundreds of thousands, if not more," people. (Ex. A ¶¶ 21, 25(a), 37.) Thus, there is a reasonable probability that the total amount in controversy arising from plaintiff's allegations and causes of action—including her claims for statutory damages for multiple purported UTPCPL violations, treble damages for multiple purported intentional TCPA violations, actual damages for each of her three-

common law claims, punitive damages, attorneys' fees, and injunctive relief—exceeds $75,000, exclusive of interest and costs.

**Jurisdiction Pursuant to Class Action Fairness Act**

17. This Court also has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (codified primarily at 28 U.S.C. § 1332(d)), and this action is removable pursuant to 28 U.S.C. § 1453, because it is a putative class action involving 100 or more class members, an aggregate amount in controversy that is reasonably expected to exceed $5,000,000, exclusive of interest and costs, and has minimal diversity.

18. Plaintiff purports to bring each cause of action on behalf of a putative class "consisting of all persons within the Commonwealth who received any unsolicited email or text messages from Defendant, which were not made for emergency purposes or with the recipient's prior express consent" and states that she "believes the Class members number in the hundreds of thousands, if not more." (Ex. A ¶¶ 20, 21.) Although the Complaint does not expressly set forth the relevant class period, it appears that the class period encompasses "the four years prior to the filing of this Complaint." (Ex. A ¶ 25(a).)

19. Because Hearst is not a citizen of Pennsylvania and because plaintiff and members of the putative class are Pennsylvania citizens, the diversity requirement of CAFA is met. 28 U.S.C. § 1332(d)(2)(A).

20. The Complaint alleges that "[t]he joinder of the Class members is impractical" and purports to represent a statewide class encompassing "hundreds of thousands, if not more," and covering a period of four years. Accordingly, the size of the putative class is not less than 100. 28 U.S.C. § 1332(d)(5)(B).

21. As set forth *supra*, at paragraphs 11-16, plaintiff purports to allege six causes of action on behalf of the class. Accordingly, there is a reasonable probability that the aggregate amount in controversy—including claims for statutory damages for multiple purported UTPCPL violations, treble damages for multiple purported intentional TCPA violations, actual damages on each of the three common-law claims, punitive damages, attorneys' fees, and injunctive relief—exceeds $5,000,000, exclusive of interest and costs.

**28 U.S.C. § 1446 Requirements**

22. Hearst received a copy of the Complaint on December 31, 2013. Accordingly, this Notice of Removal is timely. 28 U.S.C. § 1446(b).

23. This Court is part of the "district and division embracing the place where" this action was filed: Lackawanna County, Pennsylvania. 28 U.S.C. § 1446(a).

24. Pursuant to 28 U.S.C. § 1446(a), copies "of all process, pleadings, and orders" received by Hearst are attached hereto as Exhibits A and B. Hearst has not answered or otherwise responded to the Complaint.

25. A copy of this Notice of Removal is being filed with the Prothonotary of the Court of Common Pleas of Lackawanna County, Pennsylvania, and is being served on counsel of record, consistent with 28 U.S.C. § 1446(a), (d).

WHEREFORE, Hearst Communications, Inc. respectfully removes this action to the United States District Court for the Middle District of Pennsylvania for further proceedings pursuant to this Notice.

Dated: January 21, 2014

Respectfully submitted,

LEVINE SULLIVAN KOCH & SCHULZ, LLP

By: *__/s/ Michael Berry______*
Michael Berry (PA 86351)

mberry@lskslaw.com
1760 Market Street, Suite 1001
Philadelphia, PA 19103
Tel: (215) 988-9778
Fax: (215) 988-9750

*Attorney for Defendant*
*Hearst Communications, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of January 2014, I caused a true and correct copy of the foregoing Notice of Removal to be served via United States First Class Mail upon the following counsel of record:

Joseph T. Sucec, Esq.
325 Peach Glen Idaville Rd.
Gardners, PA 17324
*Attorney for Plaintiff*

*/s/ Michael Berry*
Michael Berry

# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

LACKAWANNA County

For Prothonotary Use Only: 13CV

Docket No: 7061

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- [x] Complaint
- [ ] Writ of Summons
- [ ] Petition
- [ ] Transfer from Another Jurisdiction
- [ ] Declaration of Taking

Lead Plaintiff's Name: CHRISTINA PRUKALA

Lead Defendant's Name: ELLE ET AL.

Are money damages requested? [x] Yes [ ] No

Dollar Amount Requested: (check one) [x] within arbitration limits [ ] outside arbitration limits

Is this a *Class Action Suit?* [x] Yes [ ] No

Is this an *MDJ Appeal?* [ ] Yes [x] No

Name of Plaintiff/Appellant's Attorney: JOSEPH THOMAS SUCEC ESQ.

[ ] Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- [ ] Intentional
- [ ] Malicious Prosecution
- [ ] Motor Vehicle
- [ ] Nuisance
- [ ] Premises Liability
- [ ] Product Liability *(does not include mass tort)*
- [ ] Slander/Libel/ Defamation
- [ ] Other:

**MASS TORT**
- [ ] Asbestos
- [ ] Tobacco
- [ ] Toxic Tort - DES
- [ ] Toxic Tort - Implant
- [ ] Toxic Waste
- [ ] Other:

**PROFESSIONAL LIABLITY**
- [ ] Dental
- [ ] Legal
- [ ] Medical
- [ ] Other Professional:

**CONTRACT** *(do not include Judgments)*
- [ ] Buyer Plaintiff
- [ ] Debt Collection: Credit Card
- [ ] Debt Collection: Other
- [ ] Employment Dispute: Discrimination
- [ ] Employment Dispute: Other
- [ ] Other:

**REAL PROPERTY**
- [ ] Ejectment
- [ ] Eminent Domain/Condemnation
- [ ] Ground Rent
- [ ] Landlord/Tenant Dispute
- [ ] Mortgage Foreclosure: Residential
- [ ] Mortgage Foreclosure: Commercial
- [ ] Partition
- [ ] Quiet Title
- [ ] Other:

**CIVIL APPEALS**

Administrative Agencies
- [ ] Board of Assessment
- [ ] Board of Elections
- [ ] Dept. of Transportation
- [ ] Statutory Appeal: Other
- [ ] Zoning Board
- [ ] Other:

**MISCELLANEOUS**
- [ ] Common Law/Statutory Arbitration
- [ ] Declaratory Judgment
- [ ] Mandamus
- [ ] Non-Domestic Relations Restraining Order
- [ ] Quo Warranto
- [ ] Replevin
- [x] Other:

Joseph T. Sucec, Esq.
Attorney for Plaintiff
325 Peach Glen-Idaville Road
Gardners, PA 17324
717-315-2359
joesucec@comcast.net
PA74482

IN THE COURT OF COMMON PLEAS
LACKAWANNA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA PRUKALA | : | |
| plaintiff, | : | |
| v. | : | No. |
| ELLE | : | |
| 300 West 57th Street | : | |
| 24th Floor | : | |
| New York, NY 10019 | : | |
| and | : | |
| JOHN DOES 1-10 | : | |
| and | : | |
| CORPORATIONS X,Y,Z. | : | |
| defendants | : | |
| | : | CIVIL ACTION - LAW |
| | : | CLASS ACTION |
| | : | JURY TRIAL DEMANDED |

**NOTICE**

YOU HAVE BEEN SUED IN COURT. IF YOU WISH TO DEFEND AGAINST THE CLAIMS SET FORTH IN THE FOLLOWING PAGES, YOU MUST TAKE ACTION WITHIN TWENTY (20) DAYS AFTER THE COMPLAINT AND NOTICE ARE SERVED BY ENTERING A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILING IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. YOU ARE WARNED THAT IF YOU FAIL TO DO SO THE CASE MAY PROCEED WITHOUT YOU AND A JUDGMENT MAY BE ENTERED AGAINST YOU BY THE COURT WITHOUT FURTHER NOTICE FOR ANY MONEY CLAIMED OR FOR ANY OTHER CLAIM OR RELIEF REQUESTED BY THE DEFENDANT. YOU MAY LOSE MONEY OR PROPERTY OR OTHER RIGHTS IMPORTANT TO YOU.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET

FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

Lackawanna Pro Bono, Inc.
321 Spruce St
Scranton, PA 18503
570-961-2714
Fax: (570) 342-4301

North Penn Legal Services
Suite 300, 507 Linden Street
Scranton,PA 18503
Phone: (570) 342-0184 (800) 982-4387

Joseph T. Sucec, Esq.
Attorney for Plaintiff
325 Peach Glen-Idaville Road
Gardners, PA 17324
717-315-2359
joesucec@comcast.net
PA74482

IN THE COURT OF COMMON PLEAS
LACKAWANNA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA PRUKALA | : | |
| plaintiff, | : | |
| v. | : | No. |
| ELLE | : | |
| 300 West 57th Street | : | |
| 24th Floor | : | |
| New York, NY 10019 | : | |
| and | : | |
| JOHN DOES 1-10 | : | |
| and | : | |
| CORPORATIONS X,Y,Z. | : | |
| defendants | : | |
| | : | CIVIL ACTION - LAW |
| | : | CLASS ACTION |
| | : | JURY TRIAL DEMANDED |

COMPLAINT FOR DAMAGES

INTRODUCTION

1. Christina Prukala ("Plaintiff") brings this multiple count Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of ELLE ("Defendant"), in negligently, and/or willfully contacting Plaintiff via electronic mail (email), in violation of various state and Federal statutes and tenets of Pennsylvania Common Law, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

JURISDICTION AND VENUE

2. Jurisdiction is proper under 42 Pa. Code 931, which grants plenary jurisdiction to the Court of Common Pleas, and based on **Yellow Freight Systems, Inc. v. Donnelly, 494 US 820, 822 (1990)**, allowing federal claims to be brought in state court where federal court jurisdiction has not been made exclusive.

3 Because Plaintiff avers and alleges a state-wide class of victims of violations of the TCPA by Defendant, and avers that said class meets the criteria for class actions related in 231 Pa. Code 1700 et seq, (explained in detail in ensuing paragraphs), jurisdiction is also asserted for the Court of Common Pleas.

4. Further, Plaintiff Venue is proper in the Court of Common Pleas of this county as Plaintiff Prukala was at all times relevant, and still is, a resident of Lackawanna County, Pennsylvania

PARTIES

5. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the Commonwealth of Pennsylvania and, for the purposes of the statute purported to be violated here, a "person" as defined by 47 U.S.C. § 153 (10).

6 Defendants are:

A ELLE, 300 West 57th Street, 24th Floor, New York, NY 10019, a corporation engaged in. among other enterprises, sales via email, and is similarly defined as a "person."

B John Does 1-10, individuals or business entities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such Does played a substantial role in the commission of the acts (regarding all counts) described in this complaint.

C X,Y,Z Corporations, business identities whose identities are not know to Plaintiff at this time, but which will become known upon proper discovery. It is believed and averred that such entities played a substantial role in the commission of the acts (regarding all counts) described in this complaint.

FACTUAL ALLEGATIONS

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 17 U.S.C. § 153 (10).

8. Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 17 U.S.C. § 153(10)

9. Defendant's relevant business in this matter was conducted within the Commonwealth.

10. Plaintiff received a series of electronic mail messges on Plaintiff's cellular telephone, soliciting, either directly or indirectly, the purchase of services from Defendant.

11. The nature and circumstances of the mesages from Defendant indicate that said messages came from a third-party domain, designed to make it difficult for Plaintiff to either block said emails or to request that said emails cease.

12. At no point did Plaintiff ever give permission, implied or express, to Defendant, to

contact Plaintiff's mobile telephone via an automatic telephone dialing system.

13 Without such permission from Plaintiff, Defendant's actions are directly violative of 73 PS 2250.3(b), regarding use of a "covered mobile telephone system" to transmit an unsolicited email.

14 The misleading character of the subject header(s) of each email, which were designed to induce Plaintiff, at a minimum, to open said emails, is directly violative of 73 PS 2250.3(a)(3)

15 The telephone number that the Defendant, or its agents, called was assigned to Plaintiff via Plaintiff's mobile carrier, .

16 Said unsolicited voice mail messages placed to Plaintiff's cellular telephone was to a cellular telephone service for which Plaintiff incurs a charge.

17 Further, the emails were not for emergency or any other legitmate purpose.

## CLASS ACTION ALLEGATIONS

18 Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

19 The elements for a class action in Pennsylvania are contained within 231 Pa. Code 1702:

**Rule 1702. Prerequisites to a Class Action.**

One or more members of a class may sue or be sued as representative parties on behalf of all members in a class action only if

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately assert and protect the interests of the class under the criteria set forth in Rule 1709; and

(5) a class action provides a fair and efficient method for adjudication of the controversy under the criteria set forth in Rule 1708.

20 Plaintiff represents, and is a member of the Class, consisting of all persons within the Commonwealth who received any unsolicited email or text messages from Defendant, which were not made for emergency purposes or with the recipient's prior express consent.

21 Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

22 Plaintiff and members of the Class were harmed by the acts of Defendant in at illegally contacted Plaintiff and the Class members via their cellular telephones by using an unsolicited and/or confirmatory text or email message, thereby least the following ways: Defendant, either directly or through its agents, causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

23 This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

24 The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

25 There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, within the four years prior to the filing of this Complaint, Defendant transmitted any email messages (other than a voice mail message for emergency purposes or made with the prior express consent of the called party) to a Class member using any telephone system, either as the home system of Defendant and/or its agents, or to the system operated by the cellular telephone provider of the Class member;

b) the extent of damages for such violation; and

c) Whether Plaintiff and the Class members were damaged thereby, and

d) Whether Defendant should be enjoined from engaging in such conduct in the future.

26 As a person that received at least one unsolicited or misleading email message

without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

27 Plaintiff will fairly and adequately represent and protect the Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct.

28 If the Class is not certified for this action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29 Absent a class Plaintiff has retained counsel experienced in handling class action claims.

30 A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and Commonwealth law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31 Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to

the Class as a whole.

## VICARIOUS LIABILITY

32 By evidence of the aforementioned telephone calls made to Plaintiff, there is an implicit if not express contract between Defendant and any third-party solicitor (Solicitors), in which said solicitor was tasked with sending text or email messages to the public, either at random, or by selection in order to solicit business for Defendant.

33 Said contract creates a master-servant relationship between Defendant and said solicitors, rendering Defendant vicariously liable for any actions taken by those solicitors in the scope of said relationship, **Valles v. Albert Einstein Medical Center, 805 A.2d 1232, 1237 (Pa. 2002). Also see Smalich v. Westfall, 269 A.2d 476, 481**

35 therefore, Defendant is responsible for any actions by Solicitors, either tortious or violative of the relevant statute in this matter.

## COUNT I
## VIOLATIONS OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW – FIRST INSTANCE

36 Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

37 The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the above statute, as each and every one of the email messages so

discussed in the paragraphs were sent to a cellular telephone system which served as a conduit for said messages, regardless of whether the sender (Defendant or one of its agents) was transmitting from a similarly covered system.

38 As a result of Defendant's negligent/intentional violations of the statute listed above, Plaintiff and the entire Class are entitled to an award of $500.00 in statutory damages, for each and every violation pursuant to the UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 P.S. § § 201-1 et seq.).

39 Defendant(s) behavior is specifically defined as "Unfair methods of competition" and "unfair or deceptive acts or practices" at one or more of the instances at 73 P.S. § § 201-2 (4)

40 Plaintiff and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

41 The above-described behavior is not only prohibited by 73 PS 2250.3(b), but the remedies sought in this count are not prohibited therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

a. As a result of Defendant's negligent violations of the above statute, Plaintiff seeks for Plaintiff and each Class member $500.00 in statutory damages, for each and every violation.

b. An incentive fee of $5,000

c. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

1. Client consultation and review of file. 2.5

2.. Drafting of complaint, editing, review with client document processing and filing 1.5

3. Service of process of writ and complaint .25

4 hours

For a total of $2,000 dollars.

d Pursuant to the statute), injunctive relief prohibiting such actions by Defendant in the future.

e Any other relief the Court may deem just and proper.

**COUNT II**

**VIOLATIONS OF THE UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW – SECOND INSTANCE**

42 Plaintiff incorporates by reference all previous paragraphs of this Complaint as

though fully stated herein.

43 The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the above statute, as each and every one of the email messages so discussed in the paragraphs were sent to a cellular telephone system which served as a conduit for said messages, regardless of whether the sender (Defendant or one of its agents) was transmitting from a similarly covered system.

44 As a result of Defendant's negligent/intentional violations of the statute listed above, Plaintiff and the entire Class are entitled to an award of $500.00 in statutory damages, for each and every violation pursuant to the UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (73 P.S. § § 201-1 et seq.).

45 Defendant(s) behavior is specifically defined as "Unfair methods of competition" and "unfair or deceptive acts or practices" at one or more of the instances at 73 P.S. § § 201-2 (4)

46 Plaintiff and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

47 The above-described behavior is not only prohibited by 73 PS 2250.3(b), but the remedies sought in this count are not prohibited therein.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

a. As a result of Defendant's negligent violations of the above statute, Plaintiff seeks for Plaintiff and each Class member $500.00 in statutory damages, for each and every violation.

b. An incentive fee of $5,000

c. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

1. Client consultation and review of file. 2.5

2.. Drafting of complaint, editing, review with client document processing and filing 1.5

3. Service of process of writ and complaint .25

4 hours

For a total of $2,000 dollars.

d Pursuant to the statute), injunctive relief prohibiting such actions by Defendant in the future.

e Any other relief the Court may deem just and proper.

## COUNT III

## VIOLATIONS OF TCPA

48 Plaintiff incorporates by reference all previous paragraphs of this Complaint as though fully stated herein.

49 The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of 47 USC 227, specifically at subsection (b)(1)(iii), regarding messages transmitted to a mobile telephone service.

50 Plaintiff's mobile telephone, which received the violating emails, is a "Smartphone," which is both equipped to and routinely receives electronic mail.

51 As a result of Defendant's negligent/intentional violations of the statute listed above, Plaintiff and the entire Class are entitled to an award of $500.00 in statutory damages, for each and every violation.

52 Defendant(s) behavior is specifically defined as "Unfair methods of competition" and "unfair or deceptive acts or practices" at one or more of the instances at 73 P.S. § § 201-2 (4)

53 Plaintiff and the The Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

a. As a result of Defendant's negligent violations of the above statute, Plaintiff seeks for Plaintiff and each Class member $500.00 in statutory damages, for each and every violation.

b. An incentive fee of $5,000

c. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

1. Client consultation and review of file. 2.5

2.. Drafting of complaint, editing, review with client document processing and filing 1.5

3. Service of process of writ and complaint .25

4 hours

For a total of $2,000 dollars.

d Pursuant to the statute), injunctive relief prohibiting such actions by Defendant in the future.

e Any other relief the Court may deem just and proper.

## COUNT IV

## INVASION OF PRIVACY

54 Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

55 Defendant, by repeatedly contacting Plaintiff via email or text message on Plaintiff's cellular telephone line, invaded Plaintiff's privacy.

56 The conduct of Defendant was a direct and proximate cause, as well as substantial factors, in bringing about the injuries, damages and harm to Plaintiff that are outlined more fully below and, as a result, Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. Actual damages for said invasion of privacy including but not limited to, additional charges on Plaintiff's cellular telephone bill, any lost wages or business opportunities which occurred as a result of the harassment by Defendant, any physical ailments and/or injuries which may have resulted as a direct or indirect cause of said harassment, as well as any other costs or injuries that would not have occurred but for said harassment.

Plaintiff estimates this total, including but not limited to lost time in dealing with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

1. Client consultation and review of file. 2.5

2.. Drafting of complaint, editing, review with client document processing and filing 1.5

3. Service of process of writ and complaint .25

4 hours

For a total of $2,000 dollars.

**COUNT V**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

57 Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

58 To prove a claim of Intentional Infliction of Emotional Distress, the following elements must be established:

(1) the conduct must be extreme and outrageous;

(2) it must be intentional or reckless;

(3) it must cause emotional distress;

(4) that distress must be severe.

Hooten v. Penna. College of Optometry, 601 F.Supp. 1151, 1155 (E.D.Pa.1984); Restatement (Second) of Torts s. 46.

59 Defendant deliberately flouted and violated Pennsylvania law for the reasons stated the above paragraphs of this Complaint, an action both "extreme" and "outrageous".

60 Defendant's actions were either intentional, since, as either Defendant or its agents have at least prescriptive knowledge of governing Pennsylvanial statutes, or reckless, in that both chose to ignore said statutes.

61 The conduct of Defendant caused severe emotional distress to Plaintiff.

62 While Plaintiff cannot reasonably estimate the pain and suffering caused by Defendant 's conduct, Plaintiff respectfully avers that the value is most likely within arbitration limits set by both local and Pennsylvania Civil Procedural Rules.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. Actual damages for said Intentional Infliction of Emotional Distress including but not limited to, additional charges on Plaintiff's cellular telephone bill, any lost wages or

business opportunities which occurred as a result of Defendant's harassment, any physical ailments and/or injuries which may have resulted as a direct or indirect cause of said harassment, as well as any other costs or injuries that would not have occurred but for said harassment. Plaintiff estimates this total, including but not limited to lost time in dealing with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

1. Client consultation and review of file. 2.5

2.. Drafting of complaint, editing, review with client document processing and filing 1.5

3. Service of process of writ and complaint .25

4 hours

For a total of $2,000 dollars.

**COUNT VI**
**HARASSMENT**

63 Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

64 Criminal Harassment in the Commonwealth of Pennsylvania is defined by **18 Pa.C.S.A. § 2709(3)** and explained by **Commonwealth v Wheaton, 409 Pa. Super. 622, 598 A. 2d 1017 (1991)** as having the following elements:

An individual is guilty of harassment if he/she:

1) with the intent to harass, annoy or alarm another person,
2) engaged in a course of conduct or repeatedly committed acts,
3) which alarmed or seriously annoyed another person, and
4) served no legitimate purpose.

65 There is no case in Commonwealth law which defines the elements necessary to prove Civil Harassment differently.

66 The facts of this case, as conveyed in the above paragraphs of this Complaint, clearly fulfill the first three elements of harassment.

67 The sheer volume oftext or email messages sent by Defendant exceed the legitimate pursuit of the stated purpose of said calls, to solicit business.

68 The conduct of Defendant caused severe emotional distress to Plaintiff.

69 While Plaintiff cannot reasonably estimate the pain and suffering caused by Defendant's conduct, Plaintiff respectfully avers that the value is most likely within arbitration limits set by both local and Pennsylvania Civil Procedural Rules.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. Actual damages for said harassment including but not limited to, additional charges on Plaintiff's cellular telephone bill, any lost wages or business opportunities which

occurred as a result of Defendant's harassment, any physical ailments and/or injuries which may have resulted as a direct or indirect cause of said harassment, as well as any other costs or injuries that would not have occurred but for said harassment.Plaintiff estimates this total, including but not limited to lost time in dealing with said telephone calls, and in seeking and contacting legal counsel for the purpose of exploring and commencing this litigation, at $1,000

b. An incentive fee of $5,000.

c. Punitive damages of $10,000.

d. Reasonable attorneys fees for pursuit of this matter, at the rate of $500 per hour, as follows:

| | |
|---|---|
| 1. Client consultation and review of file. | 2.5 |
| 2.. Drafting of complaint, editing, review with client document processing and filing | 1.5 |
| 3. Service of process of writ and complaint | .25 |
| | 4 hours |

For a total of $2,000 dollars.

Respectfully submitted,

Date: 12/18/13

Joseph T. Sucec, Esq.

# VERIFICATION STATEMENT

I verify that the statements made in the complaint are true and correct to the best of my knowledge and belief. I understand that false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904 relating to unsworn falsification to authorities.

Date: 12/18/13

Christina Tuchola

# EXHIBIT B

IN THE COURT OF COMMON PLEAS
LACKAWANNA COUNTY, PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINA PRUKALA<br>plaintiff,<br>v.<br>ELLE<br>300 WEST 57TH ST<br>24TH FL<br>NEW YORK, NY 10019<br>and<br>JOHN DOES 1-10<br>and<br>CORPORATIONS X,Y,Z.<br>defendants | : | No. 2013-07061<br><br>CIVIL ACTION - LAW<br>CLASS ACTION<br>JURY TRIAL DEMANDED |

IMPORTANT NOTICE

To: ELLE (Defendant)

Date: 1-9-14

YOU ARE IN DEFAULT BECAUSE YOU HAVE FAILED TO ENTER A WRITTEN APPEARANCE PERSONALLY OR BY ATTORNEY AND FILE IN WRITING WITH THE COURT YOUR DEFENSES OR OBJECTIONS TO THE CLAIMS SET FORTH AGAINST YOU. UNLESS YOU ACT WITHIN TEN DAYS FROM THE DATE OF THIS NOTICE, A JUDGMENT MAY BE ENTERED AGAINST YOU WITHOUT A HEARING AND YOU MAY LOSE YOUR PROPERTY OR OTHER IMPORTANT RIGHTS. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lackawanna Pro Bono, Inc.
321 Spruce St
Scranton, PA 18503
570-961-2714
Fax: (570) 342-4301

North Penn Legal Services
Suite 300, 507 Linden Street
Scranton,PA 18503
Phone: (570) 342-0184 (800) 982-4387

AVISO IMPORTANTE

A: ELLE (Defendido)

Date: 1-9-14

USTED ESTA EN REBELDIA PORQUE HA FALLADO DE REGISTRAR COMPARECENCIA ESCRITA POR SI MISMO O A TRAVES DE UN ABOGADO Y SOMETER CON LA CORTE SUS DEFENSAS U OBJECCIONES A LOS CARGOS QUE SE HAN PRESENTADO CONTRA USTED. A MENOS QUE USTED ACTUE DENTRO DE DIEZ DIAS DE HABER RECIBIDO ESTE AVISO, LA CORTE PUEDE TOMAR UNA DECISION EN CONTRA SUYA SIN TENER DERECHOS A UNA VISTA Y USTED PUEDE PERDER SU PROPIEDAD U OTROS DERECHOS IMPORTANTES. USTED DEBE LLEVAR ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI USTED NO TIENE UN ABOGADO, LLAME O VAYA A LA SIGUIENTE OFICINA. ESTA OFICINA PUEDE PROVEERLE INFORMACION A CERCA DE COMO CONSEGUIR UN ABOGADO. SI USTED NO PUEDE PAGAR POR LOS SERVICIOS DE UN ABOGADO, ES POSIBLE QUE ESTA OFICINA LE PUEDA PROVEER INFORMACION SOBRE AGENCIAS QUE OFREZCAN SERVICIOS LEGALES SIN CARGO O BAJO COSTO A PERSONAS QUE CUALIFICAN.

Lackawanna Pro Bono, Inc.
321 Spruce St
Scranton, PA 18503
570-961-2714
Fax: (570) 342-4301

North Penn Legal Services
Suite 300, 507 Linden Street
Scranton,PA 18503
Phone: (570) 342-0184 (800) 982-4387