**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTINA PRUKALA, | CIVIL ACTION NO. 3:14-cv-92 |
| Plaintiff, | |
| v. | (JUDGE CAPUTO) |
| ELLE, JOHN DOES 1-10, CORPORATIONS X, Y, Z, | |
| Defendants. | |

**MEMORANDUM**

Presently before the Court is a Motion to Dismiss filed by Defendant Hearst Communications, Inc.[1] ("Hearst") (Doc. 3). Hearst moves to dismiss Plaintiff Christina Prukala's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In each count of the Complaint, because Plaintiff has failed to state a claim upon which relief can be granted, Hearst's motion to dismiss will be granted.

**BACKGROUND**

The facts as alleged in the Complaint are as follows:

Plaintiff received a series of electronic mail messages on her cellular telephone soliciting, either directly or indirectly, the purchase of services from Defendant. (*Compl.*, ¶ 10.) The messages indicate that they came from a third-party domain, designed to make it difficult for Plaintiff to block the e-mails or request that they cease. *Id.* at ¶ 11. Plaintiff did not give implied or express permission to Defendant to contact her mobile telephone "via an automatic telephone dialing system." *Id.* at ¶ 12. Without permission from Plaintiff, Defendant's actions are "directly violative of 73 PS 2250.3(b), regarding use of a 'covered

---

[1] *Elle* is a magazine published by Hearst.

mobile telephone system' to transmit an unsolicited email." *Id.* at ¶ 13. The misleading character of the subject header of each email "is directly violative of 73 PS 2250.3(a)(3)." *Id.* at ¶ 14. The Complaint states that "[s]aid unsolicited voice mail messages[2] placed to Plaintiff's cellular telephone was to a cellular telephone service for which Plaintiff incurs a charge. Further, the emails were not for emergency or any other legitimate purpose." *Id.* at ¶¶ 16-17. The Complaint also states that Plaintiff brings this action "on behalf of himself [*sic*] and on behalf of all others similarly situated" and contains additional class allegations. *Id.* at ¶¶ 18-31.

Based on the foregoing, Plaintiff commenced this action in the Court of Common Pleas of Lackawanna County, Pennsylvania. (Doc. 1, Ex. A.) The Complaint consists of six counts. Counts I and II both assert violations of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (*Compl.*) Count III asserts a violation of the Telephone Consumer Protection Act ("TCPA"). *Id.* Count IV asserts a state law claim of invasion of privacy. *Id.* Count V asserts a state law claim of intentional infliction of emotional distress. *Id.* Finally, Count VI asserts a state law claim of harassment. *Id.*

On January 21, 2014 the action was removed to this Court. On January 28, 2014, Hearst moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6). The motion to dismiss is now fully briefed and ripe for disposition.

## DISCUSSION

### I. Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the Court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of his or her claims.

---

[2] This is the sole reference to a "voice mail" in the Complaint.

*See Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2000). The Court does not consider whether a plaintiff will ultimately prevail. *See id.* A defendant bears the burden of establishing that a plaintiff's complaint fails to state a claim. *See Gould Elecs. v. United States*, 220 F.3d 169, 178 (3d Cir. 2000).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The statement required by Rule 8(a)(2) must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). Detailed factual allegations are not required. *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955. However, mere conclusory statements will not do; "a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Instead, a complaint must "show" this entitlement by alleging sufficient facts. *Id.* "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009). As such, "[t]he touchstone of the pleading standard is plausibility." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible

on its face," *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955, meaning enough factual allegations "'to raise a reasonable expectation that discovery will reveal evidence of'" each necessary element. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679, 129 S. Ct. 1937, 173.

In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. *See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The Court may also consider "undisputedly authentic" documents when the plaintiff's claims are based on the documents and the defendant has attached copies of the documents to the motion to dismiss. *Id.* The Court need not assume the plaintiff can prove facts that were not alleged in the complaint, *see City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 263 & n. 13 (3d Cir. 1998), or credit a complaint's "'bald assertions'" or "'legal conclusions.'" *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997)).

## II.  Counts I and II: UTPCPL

Plaintiff asserts claims for violation of the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, in Counts I and II of the Complaint. The UTPCPL is a Pennsylvania consumer protection law, "designed to protect the public from fraud and deceptive business practices." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 497 (3d Cir. 2013) (quoting *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 564 (3d Cir. 2008)). Plaintiff appears to assert these claims under the UTPCPL's "catch-all" provision,

subsection (xxi), which bars "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding." 73 Pa. Stat. § 201–2(4)(xxi).[3] Under the catch-all provision, "a showing of deceptive activity, as opposed to establishing the elements of a common law fraud claim, is sufficient to impose liability." *Wilson v. Parisi*, 549 F. Supp. 2d 637, 666 (M.D. Pa. 2008). Nonetheless, a plaintiff must allege facts showing a "deceptive act," that is, "conduct that is likely to deceive a consumer acting reasonably under similar circumstances." S*eldon v. Home Loan Servs., Inc.*, 647 F. Supp. 2d 451, 470 (E.D. Pa. 2009). To establish liability under the catch-all provision of the UTPCPL, "a plaintiff must present evidence showing: (1) a deceptive act that is likely to deceive a consumer acting reasonably under similar circumstances; (2) justifiable reliance; and (3) that the plaintiff's justifiable reliance caused ascertainable loss." *Slapikas v. First Am. Title Ins. Co.*, CIV.A. 06-0084, 2014 WL 899355, at \*6 (W.D. Pa. Mar. 7, 2014) (citing *Seldon v. Home Loan Servs.,* 647 F.Supp. 2d 451, 470 (E.D.Pa. 2009); *Hunt v. U.S. Tobacco Co.*, 538 F.3d 217, 223 (3d Cir. 2008)).

Here, Plaintiff fails to adequately allege a deceptive act on behalf of Defendant. At most, the Complaint states that the "misleading character of the subject header(s) of each email, which were designed to induce Plaintiff, at a minimum, to open said emails, is directly violative of [the UTAA]."[4] (*Compl.*, ¶ 14.) As such, Counts I and II of the Complaint will be

---

[3] Although the Complaint states that "Defendant(s) behavior is specifically defined as '[u]nfair methods of competition' and 'unfair or deceptive acts or practices' at one or more of the instances at 73 P.S. §§ 201-2(4)," (*Compl.,* ¶¶ 39, 45), in her "brief in reply" (Doc. 7), Plaintiff focuses her arguments on the catch-all provision. (Doc. 7, 14).

[4] Plaintiff also appears to ground her UTPCPL claims on an alleged violation of the Unsolicited Telecommunication Advertisement Act ("UTAA"), 73 P.S. § 2250.1 *et seq*. The UTAA states that "[a] violation of this act shall constitute a violation of the act of December 17, 1968 (P.L. 1224, No. 387), known as the Unfair Trade Practices and Consumer

dismissed without prejudice.

### III.     Count III: TCPA

The relevant portion of the TCPA provides that "[i]t shall be unlawful for any person within the United States . . . to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement" unless certain exceptions are met.  47 U.S.C. § 227(b)(1)(C).  "Telephone facsimile machine" is defined under the statute as "equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper. 47 U.S.C. § 227 (a)(3)."  TCPA regulations state: "[w]e conclude that faxes sent to personal computers equipped with, or attached to, modems and to computerized fax servers are subject to the TCPA's prohibition on unsolicited faxes.  However, we clarify that the prohibition does not extend to facsimile messages sent as email over the Internet." *In Re Rules & Regulations Implementing the*

---

Protection Law."). *See Id.* at § 2250.5(a).  In response, Hearst argues that the federal Controlling the Assault of Non-Solicited Pornography and Marketing Act ("CAN-SPAM"), 15. U.S.C. § 7701, *et seq.*, preempts the UTAA, given CAN-SPAM's language that it "supersedes any statute, regulation, or rule of a State or political subdivision of a State that expressly regulates the use of electronic mail to send commercial messages, except to the extent that any such statute, regulation, or rule prohibits falsity or deception in any portion of a commercial electronic mail message or information attached thereto." 15 U.S.C. § 7707(b)(1).  Hearst also argues that the UTAA does not create a private right of action.  Because it is not clear that Plaintiff's UTPCPL claims are premised solely on a violation of the UTAA, the Court will not address these broader arguments at the present time.  In addition, while the UTAA prohibits transmission of electronic mail messages that contain "false or misleading information in the subject line," 73 P.S. § 2250.3(a)(3), Plaintiff's conclusory allegation to that effect does not survive Hearst's motion to dismiss.

*Tel. Consumer Prot. Act of 1991*, 18 F.C.C.R. 14014, 14133 (2003).   While federal case law regarding the status of e-mail communications under the TCPA is limited, the Superior Court of Pennsylvania has held that "the provisions of § 227 of the TCPA do not apply to e-mail communications." *Aronson v. Bright-Teeth Now, LLC*, 824 A.2d 320, 323 (Pa. Super. Ct. 2003).[5]

Based on the language of the statute and the regulations, the Court agrees with Hearst that the prohibitions of the TCPA do not apply to e-mail messages.  In her Complaint Plaintiff alleges that she received "a series of electronic mail messages" on her cellular telephone.  (*Compl.*, ¶ 10.)   She further asserts that her mobile telephone "is a 'Smartphone,' which is both equipped to and routinely receives electronic mail." *Id.* at ¶ 50. The fact that Plaintiff received the alleged e-mails on the same device that she uses as a telephone does not bring such communications under the reach of the TCPA.  Therefore, Plaintiff's TCPA claim is dismissed with prejudice to the extent that Plaintiff alleges that she received e-mails in violation of the TCPA.  However, the Complaint also contains three stray references to the receipt of "text or email message," "email or text message," and "oftext [*sic*] or email messages." (*Compl.*, ¶¶ 22, 55, 67.)  Based on these statements, it is unclear which type of communication Plaintiff claims to have received.  If Plaintiff has a good faith basis to allege that she received text messages or voice calls from Defendant, she will be permitted to amend her Complaint.[6]

---

[5]   *C.f. Joffe v. Acacia Mortgage Corp.*, 211 Ariz. 325, 326-27, 121 P.3d 831, 833 (Ct. App. 2005) (holding that the TCPA applies to text messages received by plaintiff, initially sent as e-mail messages but subsequently "automatically converted. . . into a format that could be transmitted to [plaintiff's] cellular telephone number" by his phone carrier).

[6]   *See Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n. 2 (3d Cir. 2013) ("The TCPA's prohibition on automated dialing applies to both voice calls and text messages.")

IV. **Count IV: State Law Invasion of Privacy**

Plaintiff asserts that "Defendant, by repeatedly contacting Plaintiff via email or text message on Plaintiff's cellular telephone line, invaded Plaintiff's privacy." (*Compl.*, ¶ 55). As an initial matter, "invasion of privacy" is divided into four distinct torts: "1) Intrusion upon seclusion; 2) Appropriation of name or likeness; 3) Publicity given to private life; and 4) Publicity placing a person in a false light." *Rose v. Triple Crown Nutrition, Inc.*, CIV.A. 4:07-CV-00056, 2007 WL 707348, at *2 (M.D. Pa. Mar. 2, 2007) (citing RESTATEMENT (SECOND) OF TORTS § 652B–E).

Assuming Plaintiff brings an intrusion upon seclusion claim,[7] she must allege "conduct amounting to 'an intentional intrusion upon the seclusion of [her] private affairs which was substantial and highly offensive to a reasonable person.'" *Muhammad v. United States*, 884 F. Supp. 2d 306, 317 (E.D. Pa. 2012) (citing *Pro Golf. Mfg., Inc. v. Tribune Review Newspaper Co.,* 570 Pa. 242, 809 A.2d 243, 247 (2002)). In support of her claim, Plaintiff alleges that "the conduct of Defendant was a direct and proximate cause, as well as substantial factors [*sic*], in brining about the injuries, damages and harm to Plaintiff that are outlined more fully below . . . ." *Id.* at ¶ 56. The alleged injuries include additional charges on Plaintiff's cell phone bill, "physical ailments," and "any other costs or injuries." *Id.*

Defendant argues that Plaintiff has failed to state a claim for invasion of privacy because promotional e-mails are not as a matter of law highly offensive to a reasonable person. However, because the Complaint is void of allegations that receipt of these emails was highly offensive to a reasonable person, the Court declines to address the broader

---

[7] Plaintiff asserts in her brief that "[t]he two terms, "Intrusion on Seclusion" and "Invasion of Privacy" describe the same Cause of Action . . . ." (Doc. 7, 18).

8

question of whether receipt of promotional e-mails is highly offensive as a matter of law and will dismiss Plaintiff's invasion of privacy claim without prejudice.

## V.     Count V: Intentional Infliction of Emotional Distress

To establish a prima facie claim of intentional infliction of emotional distress in Pennsylvania, a plaintiff must plead facts supporting three elements: "(1) A person who by extreme and outrageous conduct (2) intentionally or recklessly causes (3) severe emotional distress to another." *Mantua Cmty. Planners v. City of Philadelphia*, CIV.A. 12-4799, 2013 WL 6506312, at *8 (E.D. Pa. Dec. 11, 2013) (citing *Manley v. Fitzgerald,* 997 A.2d 1235, 1241 (Pa. Commw. Ct. 2010)).  To state a cognizable claim, "the conduct must be 'so extreme in nature as to go beyond all possible bounds of decency such that it would be regarded as utterly intolerable to civilized society.'" *Regan v. Twp. of Lower Merion*, 36 F. Supp. 2d 245, 251 (E.D. Pa. 1999) (citing *Mulgrew v. Sears Roebuck & Co.*, 868 F. Supp. 98, 103 (E.D. Pa. 1994)).

Plaintiff fails to state a claim for intentional infliction of emotional distress. Although the Complaint states that "Defendant's actions were either intentional . . . or reckless" and that the "conduct of Defendant caused severe emotional distress to Plaintiff," (*Compl.,*¶¶ 60-62), Plaintiff has failed to sufficiently allege that she suffered severe emotional distress caused by conduct on behalf of Defendant so extreme as to be "utterly intolerable to a civilized society." *Regan*, 36 F. Supp. 2d at 251.  Therefore, Plaintiff's claim of intentional infliction of emotional distress will be dismissed without prejudice.

## VI.    Count VI: Harassment

In Count VI of the Complaint, after supplying the elements of criminal harassment, Plaintiff states that there "is no case in the Commonwealth law which defines the elements necessary to prove Civil Harassment differently."  (*Compl.,* ¶¶ 64-

65.)  However, as Hearst indicates, "Pennsylvania courts have not . . . recognized a separate tort of harassment."  *DeAngelo v. Fortney*, 357 Pa. Super. 127, 132, 515 A.2d 594, 596 (1986); *See also Waye v. First Citizen's Nat. Bank*, 846 F.Supp. 310, 315 (M.D. Pa. 1994) ("No civil cause of action exists for harassment.") aff'd sub. nom., 31 F.3d 1175 (3d Cir.1994).  Therefore, Count VI will be dismissed from the action with prejudice.

## CONCLUSION

For the reasons stated above, Hearst's motion to dismiss will be granted.  Because amendment may not be futile for Counts I through V, Plaintiff will be permitted to file an amended Complaint.

An appropriate order follows.


March 28, 2014                                    /s/ A. Richard Caputo
Date                                               A. Richard Caputo
                                                       United States District Judge